K2CAADROC                         Conference

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

            v.                            19 CR 338 (GHW)

MOAZU KROMAH,

                    Defendant.

------------------------------x
                                          New York, N.Y.
                                          February 11, 2020
                                          10:00 a.m.

Before:

                    HON. GREGORY H. WOODS,

                                          District Judge

                         APPEARANCES

GEOFFREY S. BERMAN
     United States Attorney for the
     Southern District of New York
JARROD SCHAEFFER
SAGAR RAVI
     Assistant United States Attorney

COURTNEY ANNE CHADWELL
     Attorney for Defendant Kromah




ALSO PRESENT:  TAB F. DRAMMEH, Mandingo Language Interpreter
```

1           (Case called)

2           MR. SCHAEFFER:  Good morning.

3           Jarrod Schaffer and Sagar Ravi, for the government.

4           Good morning, your Honor.

5           THE COURT:  Good.  Thank you.

6           MS. CHADWELL:  Courtney Chadwell, for the defendant.

7           Good morning, your Honor.

8           THE COURT:  Thank you.  Good morning.

9           Let me note for the record that we're using the

10  services of an interpreter here today.

11          Mr. Kromah, please, let me know if at any point during

12  today's conference you have any difficulty hearing or

13  understanding anything that I or anyone else in the courtroom

14  says.

15          So, counsel, I scheduled this as a status conference.

16  What can you tell me about the status of the case?

17          MR. SCHAEFFER:  Thank you, your Honor.

18          Since our last conference we have been discussing with

19  counsel for defendant a potential resolution of the matter.

20  Those discussions continue to be ongoing.  However, we think

21  that at this point it would make sense to set a motion

22  schedule.

23          THE COURT:  Good.  Thank you.

24          So, let me turn to counsel for defendant.

25          What motions do you anticipate may be raised by the

K2CAADROC                              Conference

1   defense in this case?
2           MS. CHADWELL:  I'm filling-in on this case, your
3   Honor, but my understanding is that there are going to be
4   motions to suppress and I'm not sure exactly what other
5   motions.
6           THE COURT:  Thank you.
7           Do you have a sense of what the evidence is that would
8   be at issue?  What's the basis for the motion?
9           MS. CHADWELL:  I'm not sure, your Honor.
10          THE COURT:  Thank you.
11          Do you expect that this is a motion of the type that
12  will require a hearing?
13          MS. CHADWELL:  Yes, I do.
14          THE COURT: Thank you.  Good.  So, let's do that.  I
15  am going to set a motion date.  I'd also like to set a trial
16  date.
17          Counsel for the United States, what can you tell me
18  regarding your expectations regarding the duration of the trial
19  in this case?
20          MR. SCHAEFFER:  We expect that a trial in this matter
21  would last approximately two weeks, your Honor.  I would note,
22  as the Court is aware, that there are additional defendants who
23  have yet to be apprehended in this case.  There is also an
24  additional defendant who is currently undergoing extradition
25  proceedings in Senegal.  The United States has checked on the

1  status of those proceedings in recent weeks and, unfortunately,
2  they're at a stage where it simply needs to go through the
3  political process and needs to be considered by political
4  figures in this country.  So, we're unable to offer when this
5  process would be concluded at this time.  We do expect that the
6  defendant may be extradited from that country.  We're just not
7  able to estimate when.
8              THE COURT:  Thank you.
9              So, do we know at this point if this could be a
10 question of months or years?  It turns in part on when we're
11 able to take this defendant to trial.  I don't want to delay
12 this defendant's trial unduly as a result of factors that he
13 cannot control.
14             MR. SCHAEFFER:  Yes, your Honor.  I don't expect that
15 it would be years.  It in all likelihood would be several
16 months.  We would proceed with Mr. Kromah separately from the
17 other defendants.
18             THE COURT:  Thank you.  Good.
19             So, let me hear from the parties.
20             Counsel, let me ask if you can tell me when you would
21 propose to go to trial on this case?  I expect that I will be
22 relatively willing to accommodate the parties' desires
23 regarding a trial schedule.  Once I establish a trial schedule
24 however, that will be a firm date.  So, if you'd like to
25 confer, counsel, please do.  Then I'd like to hear the parties'

1    prospective proposals regarding a trial date.
2           (Pause)
3           THE COURT:  Counsel, have you had the opportunity to
4    confer regarding potential dates for trial in this matter?
5           MR. SCHAEFFER:  We have, your Honor.
6           THE COURT:  What would you propose?
7           MR. SCHAEFFER:  Is the Court is amenable, we would
8    propose a trial beginning July 27th and a motion schedule where
9    defense motions would be filed April 15th and the government's
10   response on May 6th.
11          THE COURT:  Thank you very much.
12          I am happy to adopt the parties' proposal that we
13   commence trial on July 27th with the expectation that the trial
14   will last two weeks.
15          Now, counsel, let me just confirm that in proposing
16   the trial date of July 27th that each of you have reviewed your
17   calendars and that you are sure that there are no conflicts or
18   competing matters that would effect your preparation for trial
19   on that date and associated pretrial matters.
20          Is that right, counsel for the United States?
21          MR. SCHAEFFER:  Yes, your Honor.
22          THE COURT:  Thank you.
23          Counsel for defendant?
24          MS. CHADWELL:  Yes, your Honor.
25          THE COURT:  Good.  Thank you very much.

1            So, I am going to set trial to begin here on
2    July 27th.  Let me just say very briefly a few words about that
3    trial date.  That is a firm date.  It's not going to change.
4    To that end, let me just note something for the benefit of
5    Mr. Kromah.
6            If any circumstances arise and you want or need to
7    change counsel, for example, if you have retained counsel, that
8    you become eligible for appointed counsel or have appointed
9    counsel but one to retain counsel or for any reason, it's
10   absolutely crucial that you raise that as soon as possible.
11   I'm not saying that I expect that you will or should want to do
12   that.  But I just want to raise this issue with you now.
13           I do so because a lawyer needs adequate time to
14   prepare for trial and the trial date that I've just established
15   is not going to change.  So, if you were to have an application
16   to change counsel, it would be in your interest to raise that
17   as promptly as possible.  If you want to wait until just before
18   the trial date, I might not grant your application or I might
19   grant your application but then that person would have less
20   time to prepare for trial because, again, the trial date is not
21   going to change.  If you choose to replace your counsel late
22   and shortly before the trial.  So, do not expect that by
23   changing counsel you you will obtain an extension of this trial
24   date.  It is a firm date.
25           So, counsel, I will issue an order later today that

1  will establish deadlines for briefing of any motions.  I'd like
2  to ask about the proposal that the motions be due by April 15
3  however.  Why do you propose that?  My inclination is to
4  establish an earlier date understanding that this motion that
5  may require some kind of an evidentiary hearing and timetable
6  that the parties have proposed would have the motion fully
7  briefed presumably sometime in mid May.  If I were to have a
8  hearing date that would be at the end of May and I would need
9  to issue a decision substantially before trial so that the
10  parties would know what my decision was.  It's not clear to me
11  that the schedule proposed which has initial briefing not due
12  until April 15th will permit that.  As a result, my inclination
13  is to establish a much faster turnaround for the defendant's
14  motion, namely, one in which the defendant's motion would be
15  due approximately a month prior to the date that the parties
16  have proposed here.
17         Counsel, why is it that you have proposed that
18  defendant's motion not be filed until April 15th?  I note that
19  discovery has long since been completed.  Why would
20  approximately a month and a week from today not be sufficient
21  time for the defense to prepare and file any motion?
22         MS. CHADWELL:  We could probably do the end of March
23  or mid March, your Honor.  I just chose mid April because I
24  know that the attorney who will be handling the motions is out
25  at the beginning of April.

1              THE COURT:  Thank you.

2              MS. CHADWELL:  I'd rather give him more time than less

3     time.

4              THE COURT:  Thank you.  I'll set a schedule when I

5     return to chambers.  I expect that that schedule will have the

6     defense motions due sometime in mid March.  I will retain the

7     proposed gap between the defendant's motions and the

8     government's opposition and require that any reply by the

9     defense be filed no later than a week following the

10    government's opposition.  I'll set a hearing date in that

11    order.  I'll also establish deadlines for pretrial submissions

12    as a date for final pretrial conference in this case.

13             While I have you here let me just say a few brief

14    words about the pretrial submissions that are required under my

15    individual rules of practice.  They're relatively

16    straightforward.  The only thing that I want to highlight here

17    is that the parties may choose if you believe it would be

18    helpful and efficient to present the Court with a set of --

19    I'll call it joint jury charges -- and I'm not expecting that

20    the parties would agree on everything.  Rather, I would expect

21    that the government would do a first draft of all of the

22    charges and then that rather than submitting to me a dueling

23    set of charges that the defense would instead make specific

24    comments on the government's charges.  In the same way that the

25    government as charges will, I expect be supported by

1  invitations pointing me to relevant precedent, I would expect
2  that any objections to or different suggestions by the defense
3  would similarly be supported by references to relevant
4  precedent.  My hope would be that the defense would also
5  provide me with specific alternative language with respect to
6  any portion of the charge to which they object.
7           I'm not ordering that you proceed in this way.  I'm
8  simply requesting that the parties confer about the prospect of
9  proceeding in that way.  It's substantially more efficient for
10 me to look at such a document rather than looking at two fully
11 competing sets of charges.  Please be reassured that if we were
12 to proceed in that way, I would not defer in any way to the
13 government's proposed charges merely because they would be in
14 the main line text.  Rather, I would evaluate each of the
15 parties' proposals on the merits based on the substance of the
16 proposal and the precedent that supports it.  So, please, do
17 confer about that again.  It's more efficient for me and it may
18 also be more efficient as a whole for all of the parties.
19          Good.  So, counsel, you should see an order later
20 today establishing that schedule.
21          Counsel, is there anything else that we should talk
22 about here before we come to the speedy trial clock?
23          MR. SCHAEFFER:  No, your Honor.
24          MS. CHADWELL:  No, your Honor.
25          THE COURT:  Good.  Thank you very much.

1           Counsel for the United States, do you have an
2    application?
3           MR. SCHAEFFER:  Yes, your Honor.  Given that the
4    parties are continuing their pretrial discussions and their
5    disposition of the matter may be possible and the fact that
6    defense counsel needs time to begin preparing any motions, we
7    would request that speedy trial time be excluded through the
8    date of trial.
9           THE COURT:  Thank you.
10          Counsel for defendant?
11          MS. CHADWELL:  Defendant has no problem with that.
12          THE COURT:  Good.  Thank you very much.
13          I will exclude time from today until July 27, 2020.
14          After balancing the factors specified in 18 U.S.C.
15   Section 3161(H (7), I find that the ends of justice served by
16   excluding such time, outweigh the best interests of the public
17   and the defendant in a speedy trial and because it will allow
18   time for the defendant to prepare any motions and time for the
19   parties to negotiate a pretrial resolution of this case, as
20   well as to prepare for trial itself.
21          Thank you very much, counsel.  Anything else that we
22   need to address before we adjourn?
23          MR. SCHAEFFER:  No.  Thank you, your Honor.
24          MS. CHADWELL:  No, your Honor.
25          THE COURT:  Thank you very much.

K2CAADROC                        Conference

1            This proceeding is adjourned.
2            (Adjourned)