L1BZZKROCRT

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA,

              v.                        19-CR-338

MOAZU KROMAH and AMARA CHERIF,

              Defendants.               Conference
                                        (Via Telephonic)
------------------------------x

                                        New York, N.Y.
                                        January 11, 2021
                                        9:00 a.m.


Before:

                    HON. GREGORY H. WOODS,

                                        District Judge


                         APPEARANCES

AUDREY STRAUSS
     Acting United States Attorney for the
     Southern District of New York
BY:  JARROD L. SCHAEFFER
     SAGAR K. RAVI
     Assistant United States Attorney

GUY OKSENHENDLER LAW OFFICE
     Attorney for Defendant Cherif
BY:  GUY OKSENHENDLER

LAW OFFICES OF JEFFREY CHABROWE
     Attorney for Defendant Kromah
BY:  JEFFREY CHABROWE


ALSO PRESENT:  LANZY KANDEH, Interpreter (Mandingo)
```

L1BZZKROCRT

1          THE COURT:  Is counsel for defendant Cherif on the

2     line?

3          MR. OKSENHENDLER:  Yes.  Good morning, your Honor.

4     Guy Oksenhendler for Mr. Cherif.

5          THE COURT:  And is counsel for Mr. Kromah on the line?

6          MR. CHABROWE:  Yes, good morning.  Jeff Chabrowe for

7     Mr. Kromah.

8          THE COURT:  Let me hear if each of the defendants are

9     on the line and if their respective interpreters are on the

10    line.

11         First, is Mr. Cherif on the line?

12         Is the interpreter for Mr. Cherif on the line, that is

13    Mr. Swaray?

14         Is Mr. Kromah on the line?

15         Is the interpreter for Mr. Kromah on the line, that is

16    Mr. Kandeh?  Thank you.

17         The defendants and the interpreters don't appear to be

18    on the line yet.  Let's give them a moment.

19         I expect to begin the conference with a brief colloquy

20    with each of the interpreters and to swear them in before I

21    turn to issues related to the CARES Act.

22         (Pause)

23         THE COURT:  This is Judge Woods.  Has the interpreter

24    for the defendants just joined?

25         THE INTERPRETER:  Yes.

L1BZZKROCRT

1          THE COURT:  Can I ask who this is, please?

2          THE INTERPRETER:  My name is Lanzay Kandeh.  I'm the

3    interpreter for Kromah and Cherif.

4          THE COURT:  Good, thank you.  Are you interpreting for

5    both?  I understood you were interpreting for just one of the

6    two.

7          THE INTERPRETER:  I think --

8          THE COURT:  Is he connected to you on the other line?

9          THE INTERPRETER:  He was.  But there was a

10   misunderstanding.  He was connected to me, then he told me I

11   was supposed to translate to his lawyer.

12         OFFICER TORRES:  This is Officer Torres from

13   corrections.  Amara Cherif is here.

14         THE COURT:  This is Judge Woods.  Let me just say a

15   few things.

16         For Mr. Cherif, he'll be dialing in to speak with his

17   interpreter.  We're doing a simultaneous interpretation for

18   this proceeding.  So the facility should be dialing the

19   interpreter on the line that I hope has been coordinated in

20   advance.  And then the interpreter will be dialing into this

21   line.  Mr. Kandeh is on the line, who I understand is

22   interpreting for Mr. Kromah.  Mr. Swaray is supposed to be

23   interpreting for Mr. Cherif.  The facility where Mr. Cherif is

24   should be dialing calling to the interpreter who has been

25   designated for Mr. Cherif.

L1BZZKROCRT

| 1 | OFFICER TORRES:  Okay.  So do you want me to dial in |

1        OFFICER TORRES:  Okay.  So do you want me to dial in

2  to the interpreter?

3        THE COURT:  Correct.

4        OFFICER TORRES:  Okay.

5        THE COURT:  Do you have that number there?

6        OFFICER TORRES:  I do.

7        THE COURT:  Thank you very much.

8        OFFICER TORRES:  You're welcome, sir.

9        THE COURT:  Mr. Kandeh, I understood you'll be getting

10  a call from Mr. Kromah's facility.  I take it you have not

11  received a call from that facility yet?

12        THE INTERPRETER:  I did not.

13        THE COURT:  If you don't mind, so we use our time

14  while we're waiting for that call, I would like to engage in a

15  brief colloquy about your work here.  It's most important that

16  you connect with Mr. Kromah, so when he does call you on your

17  other line, please, feel free to interrupt me and pick up.

18        I just ask these questions to establish your

19  qualifications.  Can I ask you, first, do you swear that the

20  testimony that you'll give to this Court, that is to me, in

21  this matter will be the truth, the whole truth, and nothing but

22  the truth so help you God?

23        THE INTERPRETER:  Yes, I do, your Honor.

24        THE COURT:  Thank you.  Can I ask you please to first

25  say your full name and spell your first and last name slowly.

L1BZZKROCRT

1          THE INTERPRETER:  Yes.  My first name is Lanzy,

2    L-A-N-Z-Y, and my last name is Kandeh, K-A-N-D-E-H.

3          THE COURT:  Very good.  Thank you very much.  Can you

4    please tell me what your native language is, if it's other than

5    English?

6          THE INTERPRETER:  That's Mandingo.  That's the

7    language I'm supposed to translate.

8          THE COURT:  Can you tell me how you learned English?

9          THE INTERPRETER:  I went to school.  I have an

10   associate's degree, and I've been translating for the past 25

11   years.

12         THE COURT:  Thank you.  How long have you been

13   speaking English?

14         THE INTERPRETER:  I would say my entire life.

15         THE COURT:  Thank you.  Can I ask of you, have you

16   undergone any formal training in simultaneous or consecutive

17   interpreting?

18         THE INTERPRETER:  Yes.  That is through the Unified

19   Court System.  I also work for the Unified Court System, and

20   I'm even scheduled to work this afternoon.

21         OFFICER TORRES:  Excuse me.  This is Officer Torres

22   calling back.  I called the interpreter -- maybe I'm calling

23   the wrong number that they gave me -- can you give me a number

24   to call the interpreter?

25         THE INTERPRETER:  The interpreter is here.

L1BZZKROCRT

| 1 | (917)392-2687. |

2          OFFICER TORRES:  Thank you.

3          THE COURT:  That will work fine, I think.  We'll need

4   to get a different number to the MCC.  They were trying to get

5   in touch with the other person who is supposed to be

6   interpreting for the defendant here, that's Mr.--

7          THE INTERPRETER:  They are calling me.

8          THE COURT: Pick it up.  Thank you.  Go ahead.

9          (Pause)

10          THE COURT:  Has Mr. Kromah joined us?

11          Mr. Kandeh, are you back with us?

12          Let's give him a moment.

13          (Pause)

14          THE COURT:  Mr. Kandeh, are you back on the line?  I'm

15   not sure where Mr. Kandeh has disappeared to.  The other

16   interpreter was lined up to interpret for Mr. Cherif.  And as

17   far as I can tell, he's not appeared.  My deputy has reached

18   out to him and he is just AWOL at this point.  My deputy is

19   working in the background to try to sort this out.

20          (Pause)

21          THE COURT:  Mr. Kandeh, are you on the line?

22          Is Mr. Kromah on the line?  Mr. Cherif?

23          I do apologize.  Let's see if we can find out what is

24   going on.

25          (Pause)

L1BZZKROCRT

1          THE DEPUTY CLERK:  Judge, I just got off the phone

2     with Mr. Kandeh.  He may have gotten disconnected, but he does

3     not have ability to connect the two calls from both facilities.

4     I asked him to dial in to the AT&T bridge so we can proceed

5     with the defendant who we do have on the line currently.  The

6     MCC has not yet called him.

7          THE COURT:  So Mr. Kromah has not been produced yet.

8          THE DEPUTY CLERK:  That's correct.

9          THE COURT:  If you can dial in to the bridge, we can

10     start with Mr. Cherif.

11          THE DEPUTY CLERK:  He'll be dialing in shortly.

12          THE COURT:  Thank you very much.

13          (Pause)

14          THE COURT:  This is Judge Woods.  Mr. Kandeh?

15          THE INTERPRETER:  Yes.

16          THE COURT:  Good, thank you.  Is Mr. Cherif on your

17     other line with you?

18          THE INTERPRETER:  Yes, sir.

19          THE COURT:  Very good.  If you don't mind, would you

20     ask them to stand by for a moment?  I would like to finish our

21     brief conversation before we begin the proceeding itself.  Let

22     me know as soon as you're ready to begin, Mr. Kandeh.

23          THE INTERPRETER:  Let me talk to him.  One minute.

24          Hello, your Honor?  He was on the other line, now when

25     I call back he's not answering.  So I don't know.

L1BZZKROCRT

1          THE COURT:  Thank you.  Let's see if my deputy can

2     dial the facility and can reach him.  If you can leave that

3     line open, Mr. Kandeh, we'll begin as soon as he reappears.  In

4     the background my staff will reach out to the facility and they

5     will reconnect.

6          Mr. Kandeh, as we were talking earlier, you were

7     telling me about your formal training in simultaneous and

8     consecutive interpreting.  You told me you worked before for

9     the Unified Court System.  What type of training have you

10    received?

11         THE INTERPRETER:  I worked in several courts.  I also

12    have Dutch citizenship, so I live in the Netherlands for the

13    past 25 years.  I work there as an interpreter.  I also work

14    for the international courts in the Netherlands.  And I took

15    part in several interpretation exams, and I successfully

16    passed.  I have certificates.  I have also worked for the

17    S.D.N.Y. on several occasions.  That was before the pandemic.

18         THE COURT:  You said that you received certificates in

19    the past.  Can you tell me briefly what those are, to the

20    extent you know?

21         THE INTERPRETER:  One of them is quality translation.

22    That is from the Netherlands.  Here in New York it's an exam

23    administered once a year by the Unified Court System.  I also

24    have that certificate.  If you don't have that, you can't be in

25    the system.  That is how I was able to be in the system for

L1BZZKROCRT

1   S.D.N.Y.  I also speak several languages, not only Mandingo.  I

2   speak seven languages.

3          THE COURT:  Thank you very much.

4          Assuming that Mr. Cherif is able to join us, I think

5   your qualifications show you are qualified to conduct

6   simultaneous interpretations for purposes of this proceeding.

7   I would like to ask you to take an oath to translate these

8   proceedings truly and fairly and impartially.  So Mr. Kandeh,

9   do you solemnly swear to interpret these proceedings truly,

10  fairly and impartially to the best of your ability, so help you

11  God?

12         THE INTERPRETER:  Yes, I do, your Honor.

13         THE COURT:  Thank you very much.

14         Now we just need the defendant.  When we do have the

15  defendant on the line, Mr. Kandeh, if you can, please, keep

16  this line on mute as you're doing your simultaneous

17  interpretation so we are not disrupted -- or more importantly,

18  so the court reporter can keep a good record of the

19  proceedings.  It's very hard to follow what is happening here

20  with the English if we can hear the translation in the

21  background.  Please do provide simultaneous interpretation,

22  word for word, in the background.

23         Essex County should be calling you back momentarily,

24  so I was informed by my deputy.  I hope we'll be able to begin

25  momentarily.

L1BZZKROCRT

| | |
|---|---|
| 1 | THE INTERPRETER:  Okay.  Thank you, your Honor. |
| 2 | THE COURT:  Thank you. |
| 3 | (Pause) |
| 4 | THE COURT:  Are you ready to proceed? |
| 5 | THE INTERPRETER:  Yes, I'm ready. |
| 6 | THE COURT:  Very good.  Thank you very much.  So -- |
| 7 | THE INTERPRETER:  Sorry.  Cherif is on the other line. |

8       THE COURT:  Very good.  I'm going to begin the
9    proceeding now.  If you can just interpret simultaneously what
10   I say, I'll turn to you occasionally -- or turn to him
11   occasionally -- if you can respond on his behalf.

12       THE INTERPRETER:  Okay.  I just want to tell him
13   because he's on the other line.

14       THE COURT:  Okay.

15       THE INTERPRETER:  Yes, your Honor.  We are ready.

16       THE COURT:  Thank you very much.  If you place your
17   phone on mute, Mr. Kandeh, this line, so we don't hear the
18   translation.  Thank you very much.

19       Let's begin.  So first, for the benefit of the
20   defendant, let me take appearances again for the defendant so
21   the defendant can hear who is on the line on behalf of each of
22   the parties.

23       First, can I ask who is on the line on behalf of the
24   United States?

25       (Interpretation is heard)

L1BZZKROCRT

| | |
|---|---|
| 1 | THE COURT:  Mr. Kandeh, I'm sorry, can I ask you to |
| 2 | place this phone line on mute, the one that is connected to |
| 3 | this call, just so we don't hear your interpretation?  I heard |
| 4 | you.  I'm happy you're doing simultaneous, which is excellent. |
| 5 | Please put your line on mute.  Thank you very much. |
| 6 | THE INTERPRETER:  Yes. |
| 7 | THE COURT:  Who is on the line for the United States? |
| 8 | MR. SCHAEFFER:  Good morning, your Honor.  Jarrod |
| 9 | Schaeffer for the United States. |
| 10 | THE COURT:  Thank you.  Who is on the line on behalf |
| 11 | of Mr. Cherif? |
| 12 | MR. OKSENHENDLER:  Good morning, your Honor.  Guy |
| 13 | Oksenhendler for Mr. Cherif. |
| 14 | THE COURT:  Thank you.  I understand that counsel for |
| 15 | Mr. Kromah is on the line.  Counsel, please identify yourself. |
| 16 | Counsel for Mr. Kromah? |
| 17 | MR. CHABROWE:  Jeff Chabrowe.  I was on mute.  I'm |
| 18 | sorry. |
| 19 | THE COURT:  We've all done that. |
| 20 | To begin, we're in the midst of the Covid-19 pandemic. |
| 21 | I'm conducting this proceeding pursuant to the authority |
| 22 | provided by Section 15002 of the CARES Act and the Standing |
| 23 | Orders issued by the our Chief Judge pursuant to that Act. |
| 24 | Counsel are appearing before me by telephone.  The defendant is |
| 25 | also participating by telephone through an interpreter. |

L1BZZKROCRT

| 1 |        Let me just ask, Mr. Cherif.  Mr. Cherif, are you able |

       1       Let me just ask, Mr. Cherif.  Mr. Cherif, are you able

       2  to understand what the interpreter is saying to you here?

       3       THE DEFENDANT:  Yes, the hearing is in progress.

       4       THE INTERPRETER:  Your Honor, there is a little bit of

       5  confusion.  On the other line Mr. Cherif is there but now --

       6  can you hold on?  On the other line is Mr. Kromah, not

       7  Mr. Cherif.

       8       THE COURT:  Oh, that's interesting.  Very interesting.

       9  Do you not have Mr. Cherif?

     10       THE INTERPRETER:  Is Mr. Cherif there with you, sir?

     11  That's the other defendant.

     12       THE COURT:  That's fine.  Let's begin with Mr. Kromah.

     13       THE INTERPRETER:  Okay.

     14       THE COURT:  The lawyer is on the line, as you just

     15  heard.  I understand that you dialed into --

     16       THE INTERPRETER:  He said it's no problem to start

     17  with Mr. Kromah.  Okay.

     18       THE COURT:  Thank you.  Mr. Kandeh, I understand that

     19  you dialed into this call perhaps with a --

     20       THE INTERPRETER:  Your Honor, can I translate to him

     21  first?  He just came on the line.

     22       THE COURT:  That we'll proceed with Mr. Kromah?  Yes,

     23  please do.

     24       THE INTERPRETER:  Okay.

     25       THE COURT:  Let's begin.

L1BZZKROCRT

1        Mr. Kandeh, if I can ask you to mute whatever phone

2   you've used to dial into this conference.

3        THE INTERPRETER:  I just did.  I just mute the other

4   phone.

5        THE COURT:  You should mute this phone because, as

6   you're interpreting -- so let me just describe how I expect the

7   work flow today.

8        I'll be speaking here.  While I'm speaking here,

9   you'll be providing UN-style simultaneous interpretation to the

10  defendant.  So that he can hear the simultaneous interpretation

11  that you're providing, that phone will need to have an open

12  line.  So we do not hear what you're saying to him

13  simultaneously, you'll need to mute the line.

14        THE INTERPRETER:  Okay.  It's a little bit tricky

15  because it's different.

16        THE COURT:  Let me know when you're ready to proceed.

17        (Pause)

18        THE COURT:  Mr. Kandeh, please let me know when you're

19  ready to proceed.  Mr. Kandeh, are you there?  Mr. Kandeh, if

20  you're there, can you please respond?  Mr. Kandeh, are you on

21  the line?  If so, can you please respond?

22        (No response)

23        THE COURT:  My apologies, counsel.  My deputy is

24  working to connect with Mr. Kandeh in the background here.  I'm

25  not certain what is happening.  I'll let you know as soon as we

L1BZZKROCRT

1    have information.  My deputy is working to see what she can do

2    to work this out.

3            Just a point of information.  My deputy is dialing to

4    Mr. Kandeh's phone and it's going through to voicemail.

5            Mr. Kandeh, if you're on the line, can you please

6    respond?  If you're on the line you may have your phone on

7    mute.  Please take it off mute for purposes of responding to my

8    inquiry.

9            Mr. Kandeh, are you on the line?

10           Mr. Kandeh, this is Judge Woods.  If you're on the

11   line, can you please unmute the phone, the phone to which

12   you're hearing my voice?  If you are hearing my voice, let me

13   know that you're on the line.  Mr. Kandeh, are you on the line?

14           (No response)

15           THE COURT:  I'm going to ask my deputy to reach out to

16   Mr. Kandeh.

17           Is that Mr. Kandeh joining the line?

18           (Pause)

19           THE COURT:  Mr. Kandeh, are you on the line?

20           Again, counsel, I apologize.  I don't understand what

21   happened with our interpreter here.  My deputy is reaching out

22   to the facilities to see if we can figure out from the back end

23   of what is happening; in other words, is Mr. Kromah on the line

24   with someone.  I'll let you know as soon as I know.

25           At some point, unfortunately, we'll have to call in

L1BZZKROCRT

1    and reschedule.  But I want to give this time to sort itself

2    through, if we can work it out, so we can complete this

3    proceeding today.  I very much want to do that.  I apologize

4    for what is a misuse of our time, so please bear with us.

5    Thank you.

6             This is Judge Woods.  Again, let me see if Mr. Kandeh

7    is on the line.

8             Mr. Kandeh, are you there?  If so, please, take your

9    phone off mute and respond.

10            Mr. Kandeh, are you there?  Mr. Kandeh, if you're

11   there, please take your phone off of mute and respond.

12            (No response)

13            THE COURT:  I understand Mr. Kandeh should be dialing

14   in momentarily.  If I understand, now Mr. Cherif is on the

15   line.  We never heard from Mr. Kromah.  I'll inquire about that

16   when he joins us.  I apologize.  Please bear with us.

17            Has Mr. Kandeh rejoined the call?  Mr. Kandeh, are you

18   on the line?  Mr. Kandeh, are you on the line?  If so, take

19   your phone off mute and respond.  Mr. Kandeh, this is Judge

20   Woods.  Is that you?

21            THE INTERPRETER:  Yes, that's me.  Your Honor, I think

22   something went wrong and I went back.  I just spoke to the

23   defendant, Mr. Kromah.  I just heard that the other interpreter

24   didn't turn up.  So I'm the only one.  So it's a little bit

25   back and forth.  But I was able to put the phone back on mute

L1BZZKROCRT

1    and then I went back but I couldn't hear anything.

2         THE COURT:  Thank you.  So let me just make sure I

3    know what is happening right now in terms of who you are in

4    touch with at the facility.  So you're connected to this line.

5    Which defendant is connected to you on your other phone?

6         THE INTERPRETER:  That's a good question.  I'm with

7    Kromah on the other line.

8         THE COURT:  Thank you.  So Mr. Kromah is on the other

9    line?

10         THE INTERPRETER:  Yes, sir.

11         THE COURT:  Great.  And then you said that something

12    about the other defendant --

13         THE INTERPRETER:  The other defendant, exactly, he was

14    on the other line before, but now I have Kromah on the other

15    line.  I think they switched the defendants.

16         THE COURT:  Thank you.  So let's just begin,

17    understanding that Mr. Kromah is on the line.  We will begin

18    with a number of introductory remarks.  I'll turn to Mr. Kromah

19    to ask him questions.  If you would do what we discussed

20    earlier, please, and place this line on mute so you can

21    interpret simultaneously to the defendant.  I expect that you

22    would take this line off of mute when you're responding on

23    behalf of the defendant by interpreting his words to us.

24         Let me begin fresh.  We're in the midst of the

25    Covid-19 pandemic.  I'm conducting this proceeding pursuant to

L1BZZKROCRT

1    the authority provided by Section 15002 of the CARES Act and

2    the Standing Orders issued by our Chief Judge pursuant to that

3    Act.

4          The counselors are appearing before me by telephone.

5    The defendant is not here, but Mr. Kromah is participating by

6    telephone.  I've already heard from each of the individual

7    lawyers who are present.

8          So let me ask Mr. Kromah.  Mr. Kromah, can you hear

9    and understand what the interpreter is saying to you?

10         THE DEFENDANT:  Yes, your Honor.  I understood the

11   interpreter.  Everything is clear.

12         THE COURT:  Mr. Kromah, please let me know immediately

13   if you have any difficulty hearing me or an attorney through

14   the interpreter.

15         Let me say a few brief words about the protocol I'd

16   like the parties to follow during this conference.  First, I

17   want you to remember that this is a public proceeding.  Members

18   of the public and press are welcome to join the conference at

19   any time.  Keep that in mind.

20         The second thing is, state your name each time that

21   you speak during the conference.  That will help us keep a

22   clear record of the conversation.  It will also permit the

23   interpreter to tell Mr. Kromah, who is on the line, who is

24   speaking, who's speaking if he's interpreting.

25         Keep your phones on mute at all times except when

L1BZZKROCRT

1   you're addressing the Court.

2           Fourth, please do anything that our court reporter

3   asks you to do in order to help us keep a clear record of the

4   conversation.

5           Fifth, I'm ordering no recording or rebroadcast of all

6   or any portion of the conference.

7           I scheduled this as a conference with respect to the

8   status of this case.  What I'd like to do is to begin with a

9   brief colloquy, however, regarding the means by which this

10  proceeding is taking place.  We are conducting by remote

11  means --

12          THE INTERPRETER:  Your Honor, sorry for the

13  interrupting.  There is another call coming in, I think from

14  the facility there.  I don't know if I should answer.  It,

15  maybe it's the other defendant.

16          THE COURT:  Thank you.  I'll ask my -- do you have the

17  capacity to join both defendants to the same line?

18          THE INTERPRETER:  The line just broke off because I

19  was asking permission first from you.

20          THE COURT:  That's fine.

21          THE INTERPRETER:  Let me answer.  They are calling

22  back.

23          THE COURT:  Thank you.  Mr. Kandeh --

24          THE INTERPRETER:  Hello?

25          THE COURT:  We're here.

L1BZZKROCRT

1          THE INTERPRETER:  Now I have Mr. Cherif on the line.

2    And I had Mr. Kromah on the line before.  And the line just --

3    I don't know what happened.  They disconnected Mr. Kromah.  So

4    I have Mr.-- let me see if I can connect both of them on the

5    same line.

6          Hello?  Your Honor?

7          THE COURT:  Yes, Mr. Kandeh, we're here.

8          Mr. Kandeh?  Mr. Kandeh, are you on the line?

9          THE INTERPRETER:  Can you hear me, sir?

10         THE COURT:  Yes.  Can you hear me?

11         THE INTERPRETER:  Yes, I can hear you.  I have both of

12   them on the line, Mr. Kromah and Mr. Cherif.  Can I just

13   translate to them what you were saying before so they will --

14         THE COURT:  Let me start at the beginning now that we

15   have both defendants on the line and we will do this from the

16   beginning.  If you can provide simultaneous translation to both

17   defendants, please do that.  I'm going to start at the

18   beginning so each of them can hear.

19         Mr. Kandeh, since you have both of the defendants on

20   the other line, when you provide interpreting services --

21         THE INTERPRETER:  I would like to make sure that both

22   of them are still on the line.  Do you have one minute?  Let me

23   double-check to make sure.

24         THE COURT:  Yes, please, do.

25         THE INTERPRETER:  Hello?  Yes.  I have both of them on

L1BZZKROCRT

1    the line, so you can start.

2              THE COURT:  Very good.  Let's begin.  You can place

3    this line on mute as you're providing simultaneous translation.

4              Counsel, with apologies, I'm going to begin at the

5    very beginning here to make sure that both of the defendants

6    have heard everything.

7              (Interpretation is heard)

8              THE COURT:  Mr. Kandeh, keep this phone on mute, if

9    you would, that would be helpful.

10             With apologies, but in order to ensure that each of

11   the defendants have heard everything here, I'd like to start at

12   the beginning, which includes asking for the parties to state

13   their appearances so the defendants can hear that.

14             First, who is on the line for the United States?

15             MR. SCHAEFFER:  Good morning, your Honor.  Jarrod

16   Schaeffer and Sagar Ravi for the United States.

17             THE COURT:  Thank you.  Who is on the line on behalf

18   of Mr. Kromah?

19             MR. CHABROWE:  Jeff Chabrowe for Mr. Kromah.  Good

20   morning.

21             THE COURT:  Thank you.  Who is on the line on behalf

22   of Mr. Cherif?

23             MR. OKSENHENDLER:  Good morning, your Honor.  Guy

24   Oksenhendler for Mr. Cherif.

25             THE COURT:  Thank you very much.  Let me say a few

SOUTHERN DISTRICT REPORTERS, P.C.

L1BZZKROCRT

1    brief words about the rules I want the parties to follow during

2    this conference.  At the outset I remind you this is a public

3    proceeding.  Any member of the public or press is welcome to

4    join the conversation.  So we're conducting this proceeding by

5    telephone.  Please be aware that it is a public proceeding.

6            Second, please, state your name each time that you

7    speak during the conference.  That, I expect, will help our

8    court reporter keep a clear record of the conversation.  It

9    will also tell our interpreter who is speaking so he can tell

10   that to the defendants as he's providing his interpretation

11   during today's proceeding.

12           Third, keep your phones on mute at all times except

13   when you are addressing the Court or another party.  That will

14   help us avoid unnecessary background noise.

15           Fourth, if our court reporter asks you to do something

16   that will make it easier for her to do her job, please do it to

17   the extent that you can.

18           Fifth, and finally, I'm ordering there be no recording

19   or rebroadcast of any or all of today's proceeding.

20           We're conducting today's proceeding by remote means

21   because we are in the midst of the Covid-19 pandemic.  I'm

22   conducting this proceeding pursuant to the authority by Section

23   15002 of the CARES Act and the Standing Orders issued by the

24   Chief Judge pursuant to that Act.

25           Counsel are appearing before me by telephone.  The

L1BZZKROCRT

1  defendants are each participating by telephone through a

2  separate line, by which they are connected to the interpreter.

3  I've already heard each of the lawyers respond to me and I

4  understand that each of them can hear and understand what I'm

5  saying.  Let me turn to each of the defendants in turn, just to

6  make sure that they can hear and understand the translation of

7  today's proceeding.

8           First, Mr. Kromah, are you able to hear and understand

9  the interpretation of today's proceeding?

10          DEFENDANT KROMAH:  I understood the interpreter, your

11 Honor, and everything is clear.

12          THE COURT:  Thank you.  Mr. Cherif, are you able to

13 understand the interpretation of today's proceeding?

14          DEFENDANT CHERIF:  Okay.  Yes, your Honor.  I can

15 hear.  I understood and hear the interpreter, but I don't hear

16 your voice, only the voice of the interpreter.

17          THE COURT:  Thank you.  Understood.  Let me ask each

18 of the people who are participating in the conference, let me

19 know if you have any difficulty --

20          Mr. Kandeh, keep this line on mute.

21          THE INTERPRETER:  Your Honor, Mr. Cherif is saying

22 that he would like to hear your voice if that is possible.

23          THE COURT:  Thank you.  The answer is no,

24 unfortunately we don't have that ability.

25          So for each of the defendants let me know immediately

L1BZZKROCRT

1   if you have any difficulty hearing or understanding anything

2   that is said here today.

3          Now, I scheduled this as a status conference for this

4   case.  What I'd like to do is just to say a brief few words and

5   engage in brief colloquy with defendants' counsel to ensure

6   that each of them is aware of the reasons why we're conducting

7   this proceeding by remote means and they are willing to consent

8   to remote means.  At the outset let me just say that the

9   defendants are not able to appear here as a result of the

10  Covid-19 pandemic.  I have requested that we conduct this

11  proceeding by videoconference.  Unfortunately, the facility in

12  which Mr. Kromah is detained has very limited videoconferencing

13  capacity.  The same is true where Mr. Cherif is detained.  I

14  was unable to get videoconferencing capacity for purposes of

15  conducting this conference.  And because I was denied requests,

16  I find that videoconferencing is not reasonably available for

17  purposes of conducting this proceeding.  Instead we're

18  conducting the proceeding by telephone.  And as we've heard,

19  each of the defendants are able to hear and understand what the

20  interpreter is saying to them by telephone during this

21  conference.

22         I've received from each of the defendants here a

23  written waiver of right to be present at a criminal

24  proceeding -- that is, this criminal proceeding.

25         I want to turn to each of the defendants' counsel just

SOUTHERN DISTRICT REPORTERS, P.C.

L1BZZKROCRT

1    to confirm that the defendant was advised of his right to

2    appear at the hearing, that he understands the right, and he

3    voluntarily gave up those rights.

4           I'll begin with counsel for Mr. Kromah.  Can I ask you

5    to please describe how the document, which is the consent form,

6    which has been provided to me -- it is undated, but it provides

7    that the defendant, Mr. Kromah, has voluntarily consented to

8    participate in this proceeding via either videoconferencing or

9    telephone conferencing.  It is signed by Mr. Chabrowe and it

10   appears that a signature has been affixed on behalf of

11   Mr. Kromah.

12          Counsel for Mr. Kromah, can I ask if you're familiar

13   with the document to which I'm referring?  Second, can you tell

14   me how this document was provided to the defendant and the

15   circumstances in which you discussed it with him?

16          MR. CHABROWE:  Your Honor, I have discussed this with

17   Mr. Kromah and that we would be proceeding with these

18   conferences, both this one and the last one, virtually due to

19   the fact that we cannot appear live in court.  And he consented

20   to doing these virtually.  I signed this for him and submitted

21   it.

22          THE COURT:  Thank you.  Did you explain to the

23   defendant that he had a right to be present in court for

24   criminal proceedings?

25          MR. CHABROWE:  Yes.

L1BZZKROCRT

1          THE COURT:  Do you believe based on your conversations

2     he understood that right and was willing to give up that right?

3          MR. CHABROWE:  I do.

4          THE COURT:  Thank you.  Did an interpreter assist you

5     in communicating with the defendant?

6          MR. CHABROWE:  I spoke to Mr. Kromah.  I've spoken to

7     Mr. Kromah both with an interpreter, Mr. Swaray actually, as

8     well as just without an interpreter.  Mr. Kromah is able to

9     speak a decent amount of English.  We always thought it was

10    best to have an interpreter for legal calls.

11         THE COURT:  Thank you.  Go ahead, counsel.

12         MR. CHABROWE:  That was it, your Honor.

13         THE COURT:  That's fine.  Counsel, is this your

14    signature on the document?  I understand that you also signed

15    Mr. Kromah's signature; is that right?  This is your signature?

16         MR. CHABROWE:  Yes.

17         THE COURT:  And you signed on behalf of Mr. Kromah?

18         MR. CHABROWE:  Yes.

19         THE COURT:  Thank you.

20         Let me turn briefly to Mr. Kromah.  Mr. Kromah, did

21    you hear what your attorney just said to me through the

22    interpreter.

23         THE INTERPRETER:  Hello?

24         THE COURT:  Mr. Kandeh?

25         THE INTERPRETER:  Yes, I'm here.

L1BZZKROCRT

1          THE COURT:  Did you get a response from Mr. Kromah to

2     the question, did you hear what your attorney said to me?

3          THE INTERPRETER:  He said he did.

4          THE COURT:  Thank you.  Mr. Kromah, is it true you

5     consent to proceed with this hearing by remote means?

6          DEFENDANT KROMAH:  Yes, I consent to it.

7          THE COURT:  Let me turn to counsel for Mr. Cherif.

8     Counsel, I have a copy of a consent form that was also undated,

9     that is signed by you on behalf of defendant Cherif in which he

10    voluntarily consents to participate in proceeding by

11    videoconferencing.

12          First, I'd like to ask under what circumstances you

13    discussed this document with the defendant.  I also want to

14    confirm that while the form is a consent to proceed by

15    videoconference, that the defendant is willing to proceed also

16    by telephone as we are here today.  Counsel for Mr. Cherif?

17          MR. OKSENHENDLER:  Thank you, Judge.  Over the course

18    of three hours on Friday, after attempting all week to schedule

19    a telephone conference with my client, I was finally able to

20    speak with him around 3:00 on Friday, after initially having a

21    12:00 scheduled call.  I had the other Mandingo interpreter

22    that the Court had advised us was available assisting me on the

23    telephone call.  I had explained to Mr. Cherif that under

24    normal circumstances he has an absolute right to appear in

25    court and that I would be present there with him, present in

L1BZZKROCRT

1    court.  But that under the circumstances that a special

2    provision was being made by the Court to ensure the safety and

3    health of court staff and the defendants and attorneys.  And

4    that if he would agree, he could waive his right to appear in

5    court and consent to appear by video or telephone.  I think on

6    the form I wrote telephonic as well as video.  He agreed that

7    it would be in his interest to waive his right to appear

8    personally and that he would consent to appear by telephone in

9    this instance, even though earlier in the week the Court was

10   unsure whether it would be video or by telephone.  And it is my

11   understanding that under the CARES Act and supplemental

12   statutes that have been signed that your Honor has the

13   authority to sign my client's name with his permission on these

14   forms as it was impossible for me to see him personally at the

15   jail.  And all of this was explained to him with the assistance

16   of the Mandingo interpreter.

17            THE COURT:  Very good.  Thank you very much, counsel.

18            Let me turn to Mr. Cherif.  Mr. Cherif, did you just

19   hear what your attorney said through the interpreter?

20            DEFENDANT CHERIF:  Yes, it's correct, your Honor.

21            THE COURT:  Thank you.  So Mr. Cherif, I have a

22   document in front of me that's been signed by your lawyer

23   pursuant to which you voluntarily consent to participate by

24   either videoconferencing or by telephone.

25            DEFENDANT CHERIF:  Your Honor, it's correct what my

L1BZZKROCRT

1    lawyer stated, everything is correct.

2             THE COURT:  Thank you.  Mr. Cherif, the document has

3    been signed by your attorney.  Do you have any objection to me

4    signing your name as well to this document?

5             DEFENDANT CHERIF:  Yes, confirm.  I give you

6    permission.

7             THE COURT:  Thank you very much.  I'll do just that.

8             Let's now begin with the substance of the conference.

9    Because I'm able to find on the basis of the proffers by

10   counsel and the comments by each of the defendants that each of

11   the defendants has knowingly consented to this telephonic

12   proceeding pursuant to the CARES Act, I find that the Court may

13   conduct this proceeding, and that each of the defendants

14   knowingly waived the right to be physically present at this

15   proceeding.

16            Let's begin with a discussion of where we are with

17   respect to this case.  Counsel for the United States, what can

18   you tell me about the status of the case?

19            MR. SCHAEFFER:  Thank you, your Honor.  This case, as

20   you know, has been pending since approximately 2019.

21   Mr. Kromah was extradited long before Mr. Cherif.  Mr. Cherif

22   was only just extradited in April of this year, which was

23   during the pandemic.  At this point the government has produced

24   discovery to both defendants.  That discovery is quite

25   voluminous.  I believe counsel has required a large amount of

L1BZZKROCRT

1    time to review it.  They have had time to review it for an

2    extensive amount of time.

3           The government is currently in plea discussions with

4    counsel for Mr. Kromah.  We expect those discussions may be

5    concluded by the end of this week.

6           And the government would also be interested in setting

7    a motion schedule for both defendants, allowing sufficient time

8    for both those discussions and any discussions with counsel for

9    Mr. Cherif.

10          THE COURT:  Thank you very much.  Counsel for the

11   United States, before we turn to each of the lawyers for the

12   defendants, you said that the discovery has been produced.  Can

13   you tell me when the government completed its production of

14   discovery to the defendants?

15          MR. SCHAEFFER:  Yes, your Honor.  Let me confirm the

16   date.  The bulk of discovery was produced earlier this year

17   during the pandemic with Mr. Cherif.  It was produced a couple

18   months after he was extradited.  As Mr. Oksenhendler noted last

19   time, there was an issue getting that discovery to the

20   defendant at the prison.  But the government did arrange to

21   have it hand-delivered so he can review it as well.

22          The government does not understand that there was any

23   difficulty in that discovery being delivered to

24   Mr. Oksenhendler.

25          The most recent production of discovery in this case

L1BZZKROCRT

1    was made to the defendant in November, November 12, of

2    additional material that was received during the course of the

3    government's investigation.  That included some large

4    electronic devices that had been processed and has taken some

5    time to process.  The search warrants appending those had been

6    produced prior to that.  There may be some additional data from

7    that production that has yet to get to defense counsel, not

8    because it hasn't been produced by the government or made

9    available, but simply because we're waiting on a drive from

10   defense counsel to copy it over.

11         The government has made several productions since

12   July 2019.  The bulk of discovery was produced to counsel for

13   Mr. Kromah as of August 2019.  And then the bulk of discovery

14   was produced to counsel for Mr. Cherif as of June 2020

15   following his extradition.

16         THE COURT:  Thank you very much.  So I'd like to turn

17   to each of the defendants.  I want to hear from each of you,

18   counsel, what your view is and what the best approach is.

19   Counsel for the United States suggested we set a motion

20   schedule.  I'd like to hear from each of you if there are

21   motions that are anticipated here; and if so, I'd like to get a

22   sense of what the nature of those motions might be, which will

23   help us with scheduling those.  And, in part, it will help me

24   know whether a hearing may be warranted with respect to any of

25   the anticipated motions.  Let me begin with --

L1BZZKROCRT

1        MR. OKSENHENDLER:  I'm sorry.

2        THE COURT:  Go ahead.

3        MR. OKSENHENDLER:  On behalf of Mr. Cherif.  As the

4   government noted, Mr. Cherif was brought over in the spring.

5   And I received the first tranche of discovery in the very

6   beginning of the summer.  There was a delay due to no fault of

7   the government at all in getting a copy of the discovery to my

8   client.  There were problems at the jail.  Things were

9   disappearing.  And the government went above and beyond to

10  hand-deliver a copy of all the discovery to the jail for my

11  client's benefit, which was greatly appreciated.  My client is

12  still reviewing the voluminous discovery.

13        Even though we've discussed it, there is a loss here

14  in the millions of dollars.  And in my review of the discovery,

15  I'm trying to figure out where that loss number -- what actions

16  are attributable to my client that go toward that loss number.

17        And we are also engaging in negotiations to perhaps

18  resolve the case prior to a trial.  There are plea negotiations

19  going on.

20        So I would suggest to your Honor that perhaps it is a

21  bit premature to set a motion schedule and that perhaps it

22  would be wise to set another conference date 45 to 60 days out,

23  which would allow some anticipated meetings that I am going to

24  have with my client.  The first one is going to be this

25  Thursday where I'm going to get to see him in person.  My

L1BZZKROCRT

1    doctor has finally given me clearance to -- I had a heart

2    attack a number of years ago, so my doctor was a bit concerned

3    with me heading to the jails.  I have an appointment to see him

4    this Thursday to discuss a number of things.

5             So I think that my client would benefit by not setting

6    a motion schedule and us reconvening, like I suggested, in 45

7    to 60 days, and perhaps be able to resolve this case without

8    motions and short of trial.

9             THE COURT:  Thank you, counsel.  Let me hear from

10   counsel for Mr. Kromah.  Counsel, what is your view?

11            MR. CHABROWE:  Your Honor, I'm in a little bit of

12   different position than Mr. Oksenhendler.  Mr. Kromah was

13   arrested first and the case is ongoing.  I came in over the

14   summer, in the beginning of the summer.  I have gone over the

15   discovery.  It's just been difficult to speak to Mr. Kromah

16   because I was setting up phone calls, which are not easy to

17   set.  MCC was only open for a brief period.  I was only able to

18   meet with Mr. Kromah once before it was closed again, and it is

19   still closed.  I don't foresee doing any motions.

20            I would agree with Mr. Oksenhendler of just wanting to

21   have one more status conference with the time period that he

22   suggested.

23            THE COURT:  Thank you very much.  Counsel for the

24   United States, counsel for each of the defendants have proposed

25   that we reconvene for what will be a streamlined status

L1BZZKROCRT

1  conference in about two months.  Any objections to that

2  proposal, counsel?

3         MR. SCHAEFFER:  No, your Honor.  The government's only

4  concern is ensuring that the case is moving expeditiously.  If

5  both counsel, as they have indicated, believe that another

6  status conference may resolve any issues or may be useful, then

7  the government has no objection.

8         THE COURT:  Thank you very much.  I'm going to accept

9  that proposal and will propose that we schedule another status

10 conference on Monday, March 15, 2021, at 9:00 a.m.  My

11 expectation for planning purposes --

12        MR. OKSENHENDLER:  Sorry, Judge.  What was the date?

13        THE COURT:  March 15, 2021.  My expectation would be

14 to conduct the proceeding by remote means as well.  Of course

15 if either defendant does not wish to proceed in that way,

16 please, don't hesitate to let me know that and we'll absolutely

17 respect any requests by the defendants to conduct a proceeding

18 in person.  But for scheduling purposes, as a default, I'll

19 assume that we're conducting it by remote means as well.

20        Counsel, I would ask if that's the case, for you to

21 submit an appropriate consent form for a remote proceeding on

22 that date.  Let me confirm that each of you are available for

23 that date.  First, counsel for the United States?

24        MR. SCHAEFFER:  Yes, your Honor, that's fine.

25        THE COURT:  Thank you.  Counsel for Mr. Kromah?

L1BZZKROCRT

1          MR. CHABROWE:  Yes, your Honor.

2          THE COURT:  Thank you.  Counsel for Mr. Cherif?

3          MR. OKSENHENDLER:  Your Honor, I'm scheduled to begin

4    a multi-defendant trial before Judge Furman on March 7.

5    Although it's a firm date, I don't know that we're going to be

6    proceeding on that date.  It's dependent upon lots of things.

7          THE COURT:  Let me do this.  Let's keep this date.

8    I'm not handicapping the likelihood that your trial will go

9    forward in making this decision.  It may be prudent to lock

10   down the date while we have the chance.  If that becomes a

11   conflict, I'm happy to consider adjourning the conference.  The

12   parties should write me jointly requesting an adjournment and

13   stating your positions with respect to further exclusion of

14   time.

15          At that conference, my expectation is that we will set

16   a motion schedule and, to the extent we can, a trial date.

17   Given Covid-19 conditions, that may be a day relatively far

18   down the road.  I'll look to the parties about suggestions

19   about appropriate scheduling for the trial.

20          We'll reconvene on March 15, 2021, at 9:00 a.m.  My

21   hope is that at that time counsel will be prepared to let me

22   know if there are any motions, and that we'll set a motion

23   schedule and a trial date to the best of our ability given the

24   uncertainties associated with the pandemic.

25          Is there anything else that any party would like to

L1BZZKROCRT

1    raise to the Court's attention other than the Speedy Trial Act

2    clock before we adjourn?

3         Let me begin with counsel for the United States.

4    Counsel?

5         MR. SCHAEFFER:  No, thank you very much.

6         THE COURT:  Thank you.

7         MR. CHABROWE:  Nothing for Mr. Kromah, thank you.

8         THE COURT:  Counsel for Mr. Cherif?

9         MR. OKSENHENDLER:  Nothing further.

10        THE COURT:  Thank you very much.  Counsel for the

11   United States, is there an application with respect to the

12   exclusion of time?

13        MR. SCHAEFFER:  Yes, your Honor.  The government would

14   ask to exclude time between now and March 15, the date of the

15   next status conference, to allow the parties to continue any

16   discussions about a pretrial resolution of the matter as to

17   Mr. Kromah and Mr. Cherif and allow counsel for both defendants

18   to review discovery and determine what, if any, motions they

19   need to file.

20        THE COURT:  Thank you very much.  Counsel for

21   Mr. Kromah, do you consent to the exclusion of time?

22        MR. CHABROWE:  I do, your Honor.  Thank you.

23        THE COURT:  Counsel for Mr. Cherif, do you also

24   consent to the exclusion of time?

25        MR. OKSENHENDLER:  Yes, we do.

L1BZZKROCRT

1          THE COURT:  Thank you very much.  I will exclude time

2     from today until March 15, 2021.

3          After balancing the factors specified in 18 United

4     States Code Section 3161(h)(7), I find that the ends of justice

5     served by excluding such time outweigh the best interests of

6     the public and each of the defendants in a speedy trial because

7     it will allow time for the continued review of the extensive

8     discovery materials by each of the defendants, time for

9     defendants to consider whether there are any grounds for motion

10    practice here, and time for the parties to potentially

11    negotiate a pretrial disposition of this matter.

12         Very good.  Thank you all very much.  I apologize for

13    the amount of time it took for us to get to this step.  It was

14    a relatively straightforward conference.  I appreciate all of

15    your patience.  I will do what I can to help us be more

16    efficient in the next conference.

17         Thank you all very much.  This proceeding is

18    adjourned.

19                              o0o

20

21

22

23

24

25