USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/30/2022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

UNITED STATES OF AMERICA

     - v. -

MOAZU KROMAH,
    a/k/a "Ayoub,"
    a/k/a "Ayuba,"
    a/k/a "Kampala Man,"

        Defendant.

------------------------------------- x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY

S1 19 Cr. 338 (GHW)

        WHEREAS, on or about June 22, 2021, MOAZU KROMAH, a/k/a "Ayoub," a/k/a "Ayuba," a/k/a "Kampala Man," (the "Defendant"), among others, was charged in four counts of a five-count superseding indictment, S1 19 Cr. 338 (GHW) (the "Indictment"), with conspiracy to commit wildlife trafficking, in violation of Title 18, United States Code, Sections 371 and 3238 (Count One); wildlife trafficking in violation of Lacey Act, in violation of Title 16, United States Code, Sections 3372(a)(2)(A) and 3373(d)(1)(B), Title 18, United States Code, Sections 3238 and 2 (Counts Two and Three); and money laundering conspiracy, in violation of Title 18, United States Code, Sections 1956(h) and 3238 (Count Four);

        WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, (1) pursuant to Title 16, United States Code, Section 3374(a) and Title 28, United States Code, Section 2461, of all wildlife imported, exported, transported, sold, received, acquired, and purchased that was involved in a violation of Title 16, United States Code, Section 3372, and all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, and purchasing of wildlife that was involved in such violation; and (2) pursuant to Title 16, United States Code, Section 1540(e)(4) and Title 28, United States Code, Section 2461, all wildlife taken, possessed,

sold, purchased, offered for sale and purchase, transported, delivered, received, carried, shipped, exported, and imported that was involved in a violation of Title 16, United States Code, Section 1538, and all guns, traps, nets, and other equipment, vessels, vehicles, aircraft, and other means of transportation used to aid the taking, possessing, selling, purchasing, offering for sale or purchase, transporting, delivering, receiving, carrying, shipping, exporting, and importing of any wildlife that was involved in such violation;

WHEREAS, the Indictment included a second forfeiture allegation as to Counts Two and Three of the Indictment, seeking forfeiture to the United States, pursuant to Title 16, United States Code, Section 3374(a) and Title 28, United States Code, Section 2461, of all wildlife imported, exported, transported, sold, received, acquired, and purchased that was involved in the offenses charged in Counts Two and Three of the Indictment, and all vessels, vehicles, aircraft, and other equipment used to aid in the importing, exporting, transporting, selling, receiving, acquiring, and purchasing of wildlife that was involved in the offenses charged in Counts Two and Three of the Indictment;

WHEREAS, on or about March 30, 2022, the Defendant pled guilty to Counts One through Three of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One through Three of the Indictment and agreed to forfeit to the United States, United States, pursuant to Title 16, United States Code, Sections 1540(e)(4) and 3374(a), and Title 28, United States Code, Section 2461, all wildlife imported, exported, transported, sold, received, acquired, and purchased that was involved in a violation of Title 16, United States Code, Section 3372, and all wildlife taken, possessed, sold, purchased, offered for sale and purchase, transported, delivered, received, carried, shipped, exported, and imported that was involved in a violation of Title 16, United States Code, Section

1538, including all right, title, and interest of the defendant in the following specific property seized by the U.S. Fish & Wildlife Service ("USFWS") in connection with the offenses charged in Counts One through Three:

    a. One black rhinoceros horn received by the USFWS on or about March 16, 2018, which is currently in the custody of the USFWS; and

    b. Two white rhinoceros horns received by the USFWS on or about July 17, 2018, which are currently in the custody of the USFWS;

(a. and b., collectively, the "Specific Property");

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitute wildlife trafficked in violation of the offenses charged in Counts One through Three of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Sagar K. Ravi and Jarrod L. Schaeffer of counsel, and the Defendant, and his counsel, Jeffrey Chabrowe, Esq., that:

1. As a result of the offenses charged in Counts One through Three of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.      Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant, MOAZU KROMAH, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3.      Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States Marshals Service is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4.      Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5.      The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional

facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

      6.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

      7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

      8.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

      9.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____        3-30-22
    SAGAR K. RAVI                              DATE
    JARROD L. SCHAEFFER
    Assistant United States Attorneys
    One St. Andrew's Plaza
    New York, NY 10007
    (212) 637-2195/2270


MOAZU KROMAH

By: _____        3 30 22
    MOAZU KROMAH                              DATE


By: _____        3 30 22
    JEFFREY CHABROWE, ESQ.                    DATE
    Attorney for Defendant
    521 Fifth Avenue, 17th Floor
    New York, NY 10175


SO ORDERED:

_____ March 30, 2022     _____
HONORABLE GREGORY H. WOODS                           DATE
UNITED STATES DISTRICT JUDGE